UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLEN V.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-5955-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits ("DIB"). Plaintiff contends the administrative law judge ("ALJ") erred in assessing the opinion of an examining physician, Donald Ramsthel, M.D. (Dkt. # 19 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1957, has a 10th-grade education and a GED, and has worked installing drywall. AR at 62, 244. Plaintiff was last gainfully employed in 2005. *Id.* at 276-77.

In April 2018, Plaintiff applied for DIB, with an amended alleged onset date of May 14, 2007, and a date last insured ("DLI") of September 30, 2009. AR at 39, 43, 212-13. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at

ORDER - 1

123-29, 131-39. After the ALJ conducted a hearing in August 2019, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-28.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

IV. DISCUSSION

A. The ALJ Did Not Err in Discounting Dr. Ramsthel's Opinion

Dr. Ramsthel examined Plaintiff in March 2010 and opined that Plaintiff can stand/walk for a total of two hours in an eight-hour workday (20-40 minutes at a time), can sit for a total of four hours in an eight-hour workday (60-90 minutes at a time), and can lift/carry 10-15 pounds infrequently and 10 pounds frequently. AR at 594-97.

The ALJ found Dr. Ramsthel's conclusions to be inconsistent with the objective evidence of Plaintiff's normal gait and strength, and other testing (negative Romberg, straight leg raise, and shoulder testing) indicating that Plaintiff could perform light work with the additional limitations listed in the ALJ's residual functional capacity ("RFC") assessment. AR at 25. The ALJ also found that because Dr. Ramsthel's examination post-dated the DLI and was not based on any examination or treatment during the adjudicated period, Dr. Ramsthel's opinion was not well-supported as to Plaintiff's limitations during the adjudicated period. *Id*.

Plaintiff argues that the ALJ's reasons to discount Dr. Ramsthel's opinion are not specific and legitimate, and therefore not legally sufficient. (Dkt. # 19 at 3-6.) The Court will consider Plaintiff's arguments in turn.

1. Legal Standards

The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's

opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Social Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us.").

In this case, the ALJ cited the old regulations in her decision, yet evaluated the supportability and consistency of the medical opinions. *See* AR at 20, 22-26. The Commissioner contends that the ALJ's reference to the old regulations was a harmless scrivener's error and that the ALJ's analysis of the medical opinions complies with the new regulations. (Dkt. # 23 at 5.) As explained in the previous two paragraphs, *supra*, the Court continues to review an ALJ's assessment of a medical opinion for specific, legitimate reasons supported by substantial evidence, even under application of the new regulations, and agrees that the ALJ's reference to the old regulations in the decision does not prejudicially impact her assessment of Dr. Ramsthel's opinion or the Court's evaluation of the sufficiency of that assessment.

        2.       *The ALJ Did Not Err in Discounting Dr. Ramsthel's Opinion as Inconsistent with the Record*

In the ALJ's discussion of Plaintiff's alleged walking, sitting, standing, and stair-climbing limitations, the ALJ noted that Plaintiff reported pain and tenderness in various parts of his body, but that his functional testing related to walking, standing, and lifting indicated that Plaintiff could perform light work with additional restrictions, as described in the ALJ's RFC assessment. AR at 21-22. The ALJ referenced objective findings (normal gait, normal strength, and negative Romberg, straight leg raise, and shoulder testing) when concluding that Dr. Ramsthel's opinion was inconsistent with the record. *Id*. at 25.

Plaintiff argues that Dr. Ramsthel himself noted many normal findings (AR at 596-97) and yet opined that Plaintiff had disabling standing, walking, and sitting limitations, and the ALJ erred in second-guessing Dr. Ramsthel's conclusions. (Dkt. # 19 at 4-5.) Plaintiff presumes that when the ALJ referred to certain objective findings, she meant Dr. Ramsthel's own findings (*id*. at 5), but the ALJ explicitly contrasted Dr. Ramsthel's conclusions with "the record," which the ALJ had summarized earlier in the decision and contains examples of objective findings pertaining to standing, walking, sitting, and lifting that could be reasonably found to be inconsistent with Dr. Ramsthel's opinion. *See* AR at 21-22 (citing *id*. at 399-400, 433, 439-40, 704, 773-75). Although Plaintiff disputes on reply whether the ALJ referenced objective findings outside Dr. Ramsthel's opinion report (dkt. # 24 at 5), the Court infers from the ALJ's reference to "the record" that the ALJ intended to refer to findings throughout the record, specifically those summarized in the ALJ's decision. *See* AR at 21-22, 25. The Court is permitted to read the ALJ's decision as a whole in order to understand the ALJ's logic. *See Magallanes*, 881 F.2d at 755 ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."); *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004)

ORDER - 5

("Because it is proper to read the ALJ's decision as a whole, and because it would be a needless formality to have the ALJ repeat substantially similar factual analyses at both steps three and five, we consider the ALJ's treatment of the record evidence in support of both his conclusions at steps three and five." (internal citation omitted)).

The ALJ did not purport to find Dr. Ramsthel's conclusions inconsistent with his own findings, although even if she had, she would not necessarily have erred. *See, e.g.*, *Bayliss*, 427 F.3d at 1216 (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province"). In any event, in this case, the ALJ contrasted normal objective findings in the record with the disabling limitations described by Dr. Ramsthel, and the ALJ reasonably found these to be inconsistent. The providers who entered those normal objective findings described Plaintiff to be less restricted than Dr. Ramsthel, which suggests that the ALJ's interpretation of the evidence as inconsistent is reasonable. *See, e.g.*, AR at 401 (consultative examiner's opinion that Plaintiff had no restrictions in standing, walking, carrying, or lifting), 441 (examiners' opinion that Plaintiff had been able to work as a security guard since 2007), 705 (examiner's opinion that after completing work conditioning Plaintiff could return to modified work), 776 (examiner's opinion that Plaintiff can perform sedentary or sedentary-light work). Plaintiff has not shown that the ALJ was unreasonable in finding that Dr. Ramsthel's opinion was inconsistent with other evidence in the record, or in discounting the opinion on this basis. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

ORDER - 6

       3.      *The ALJ Did Not Err in Finding Dr. Ramsthel's Opinion Unsupported as to the Adjudicated Period*

Plaintiff argues that the ALJ erred in discounting Dr. Ramsthel's opinion as post-dating the DLI because Dr. Ramsthel reviewed records dating to the period and his examination was a mere six months after the DLI, during which time Plaintiff's condition did not significantly worsen. (Dkt. # 19 at 5.)

In order to be eligible for DIB, a claimant must establish disability on or before his or her DLI. 20 C.F.R. §§ 404.131, 404.321. Medical opinions that post-date the DLI may nonetheless be relevant to determining whether a claimant was disabled before the DLI. *Smith v. Bowen*, 849 F.2d 1222, 1225-26 (9th Cir. 1988). Post-DLI medical opinions cannot be disregarded solely because they post-date the DLI. *See Smith*, 849 F.2d at 1225-26. Post-DLI opinions may be properly discounted, however, where the opinion does not have retrospective applicability or where the pre-DLI evidence is inconsistent with it. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that an ALJ may discount a post-DLI opinion that is inconsistent with pre-DLI evidence); *Capobres v. Astrue*, 2011 WL 1114256, at *5 (D. Ida. Mar. 25, 2011) (explaining that while post-DLI medical evidence cannot be rejected solely as remote in time, it can be rejected on the grounds that the evidence itself is not retrospective).

Plaintiff correctly notes that Dr. Ramsthel reviewed a 2009 medical opinion that dates to the adjudicated period (dkt. # 24 at 4-5), but has not shown that this fact is relevant: Dr. Ramsthel's opinion does not purport to describe Plaintiff's limitations during the adjudicated period and instead focuses on his current symptoms and functioning. *See* AR at 594-97. Furthermore, as discussed in the previous section *supra*, the ALJ reasonably found that Dr. Ramsthel's conclusions were inconsistent with the objective evidence dating to the adjudicated period. Under these circumstances, where Dr. Ramsthel's opinion does not have retrospective

ORDER - 7

applicability and is inconsistent with evidence dating to the adjudicated period, Plaintiff has not shown that the ALJ erred in discounting Dr. Ramsthel's opinion in part because it post-dated the DLI.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 18th day of November, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8